Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4563 | DATE | 1/12/2005 |
| CASE TITLE | WAUSAU vs. PACER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 02/23/2005 at 10:00 A.M...

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion (11-1) to dismiss counts I and II of the counterclaim is granted. Motion (11-2) to dismiss count III of the counterclaim is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 1 3 2005 | |
| | Notified counsel by telephone. | date docketed | 21 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMPLOYER INSURANCE OF WAUSAU,

    Plaintiff,

v.

PACER INTERNATIONAL, INC., PACER
STACKTRAIN, PACER CARTAGE, INC.
AND JEFFREY HAYNES,

    Defendants.

No. 04 C 4563
Judge James B. Zagel

DOCKETED
JAN 1 3 2005

## MEMORANDUM OPINION AND ORDER

This case arises from an incident in which Jeffrey Haynes sustained bodily injuries after stepping out of a truck owned by his employer, Morgan Southern, Inc. ("Morgan Southern"), and into a pothole on the Wolcott trucking yard (the "Wolcott Yard"). The Wolcott Yard was owned by Centerpoint Realty Services Corporation and was leased to Transportation Leasing of Indiana, Inc. ("TLI"). TLI managed the Wolcott Yard, using it to store overflow containers owned by several companies, including Pacer International, Inc., Pacer Stacktrain, and Pacer Cartage, Inc. (operating collectively as "Pacer"). Haynes filed suit against the Pacer entities as facility operators and/or occupiers of the Wolcott Yard, alleging that Pacer breached its duty of reasonable care with respect to the ownership, occupation, control, operation, and/or maintenance of the property. In his suit, Haynes sought damages for pain and suffering, disability, medical expenses, and lost earnings.

On the date of Haynes's alleged injuries, Pacer and Morgan Southern were signatories to the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"). Under the terms of the agreement, Morgan Southern was required to procure both automobile and CGL insurance

to defend and indemnify facility operators of the Wolcott Yard. Morgan Southern obtained an automobile insurance policy from Employers Insurance of Wausau ("Wausau"), with a coverage period dating from June 19, 2000 to June 19, 2001. Whether Pacer is an insured on the policy Wausau issued to Morgan Southern is at the heart of the present dispute.

Pacer tendered the Haynes lawsuit to Wausau for defense and indemnity, alleging that Wausau was liable for Haynes's injuries under the policy issued to Morgan Southern because under the policy's terms, Pacer constituted a facilities operator. Wausau declined Pacer's tender of defense on the ground that Pacer's liability to Haynes was based on Pacer's alleged maintenance of the Wolcott Yard, not on any acts connected to Morgan Southern's automobiles. Wausau then filed its Complaint for Declaratory Judgment (the present suit).

Wausau's Complaint seeks, *inter alia*, a declaration of the rights, duties, and obligations of Wausau under the automobile insurance policy issued by Wausau to Morgan Southern. Wausau believes that Pacer does not fall within the policy's definition of an insured in light of the allegations made in Haynes's state court complaint. In response, Pacer filed a three-part counterclaim against Wausau, and included cross-claims against Morgan Southern. Pacer's counterclaim seeks a declaratory judgment that Wausau does, in fact, have a duty to defend and indemnify Pacer from Haynes's suit (Count I); asserts that Wausau breached its contract by failing to provide defense and indemnification of Haynes's lawsuit (Count II); and alleges that Wausau breached its implied covenant of good faith and fair dealing (Count III).

Wausau now seeks to dismiss Counts I and II of Pacer's counterclaim pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*, asserting that the counts are not proper under Rule 13. Wausau also seeks to dismiss Count III of Pacer's counterclaim pursuant to Rule 12(b)(6) for

2

failure to state a claim; in the alternative, Wausau asks this Court to enter judgment for Count III against Pacer pursuant to Rule 12(c) or Rule 56.

***Wausau's Motion to Dismiss Counts I and II of Pacer's Counterclaim***

Wausau seeks to dismiss Counts I and II of Pacer's counterclaim pursuant to Rule 12(f). A motion to strike or dismiss under Rule 12(f) is the appropriate means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient" defense or counterclaim. *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. Oct. 10, 1991). Motions filed under Rule 12(f), though, are not favored by this or any court; an allegation "must be so unrelated to the party's claims as to be [de]void of merit and unworthy of any consideration." *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 2004 WL 1730332 (N.D. Ill. Jul. 30, 2004) (citation omitted). Wausau bears the burden of demonstrating that the counterclaims are insufficient, redundant, immaterial, impertinent, or scandalous in order to prevail on its motion to dismiss. *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. Apr. 20, 1998). Wausau claims that Pacer's first two counterclaims are mere recitations of Wausau's own complaint for declaratory judgment, argued in the negative. Wausau believes that this Court can fully adjudicate the issues presented in Pacer's counterclaims by ruling on its complaint. Wausau also claims that Pacer's claims fail to argue for affirmative relief, as required by Rule 13.

In contrast, Pacer argues that its counterclaims are compulsory Rule 13(a) counterclaims. Rule 13(a) requires that "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its

3

adjudication the presence of third parties of whom the court cannot acquire jurisdiction." *Fed. R. Civ. P. 13(a)*. Pacer also claims that its counterclaims are not duplicative of Wausau's, as Pacer seeks a "more comprehensive" ruling; it demands relief with respect to not only Wausau but also Morgan Southern and another insurance carrier. *Def. Resp. to Pl. Mot. to Dismiss* at 3. Finally, Pacer claims that its second counterclaim (breach of contract) contains an implicit assertion that if Wausau may deny coverage with respect to the Haynes lawsuit, Pacer has an alternative cause of action against Morgan Southern. Dismissing its first and second counterclaims, argues Pacer, would deprive it of an opportunity to pursue these claims.

Wausau's motion to dismiss Pacer's first two counterclaims is essentially an argument against redundancy. "[W]hen one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is 'repetitious and unnecessary.'" *Tenneco, Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) (quoting *Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F. Supp. 78 (N.D. Ill. Aug. 7, 1973)). Wausau correctly points out that Pacer's counterclaim seeks "a declaration of the rights and/or obligations of the parties with respect to three intertwined sets of contractual relations," just as Wausau's complaint demands "a declaration of the rights and/or obligations of the parties with respect to any liability insurance under a truckers insurance contract." *Def. Counterclaim* at 11; *Pl. Compl.* at 1.

However, Pacer's counterclaim is by no means unusual; it is also, in all likelihood, compulsory. *See Wright, Miller & Kane, Federal Practice and Procedure*: Civil 2d § 1410 at 70 ("when an insurer sues for a declaratory judgment of nonliability, the insured must plead his claim under the policy as a Rule 13(a) counterclaim"). It is common practice for an alleged

4

insured to file counterclaims demanding a declaration that the insurer was obligated to make payments to or to defend the insured; these cases frequently assert breach of contract counterclaims based on the insurance policy, as well. *See, e.g., Ind. Ins. Co. v. Pana Cmty. Unit Sch. Dist.*, 314 F.3d 895 (7th Cir. 2002); *Am. Motorists Ins. Co. v. Stewart Warner Corp.*, 2004 U.S. Dist. LEXIS 9207 (N.D. Ill. May 17, 2004); *Progressive Northern Ins. v. Bachmann*, 314 F. Supp. 2d 820 (W.D. Wis. Apr. 19, 2004). Therefore, while arguably redundant, Pacer is entitled to assert its first and second counterclaims against Wausau.

## *Motion to Dismiss Count III of Pacer's Counterclaim*

Wausau asks this Court to dismiss Count III of Pacer's counterclaim under Rule 12(b)(6) for failure to state a claim or, in the alternative, to enter judgment against Wausau, with prejudice, under Rule 12(c) or Rule 56. A motion to dismiss under Rule12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). However, Rule 12(b)(6) also allows me to consider materials outside of the pleadings, and thereby treat Wausau's motion as one made pursuant to Rule 56. As noted below, I have considered materials submitted by Wausau that fall outside of the complaint, triggering Rule 56 standards for summary judgment.

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.*

*R. Civ. P. 56(c)*. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in Plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to Plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of material fact exists when a reasonable jury could find for the non-movant based on the entire record. *Roger v. Yellow Freight Sys.*, 21 F.3d 146, 149 (7th Cir. 1994).

Count III of Pacer's counterclaim alleges breach of an implied covenant of good faith and fair dealing. In Illinois, every contract contains an implied covenant of good faith and fair dealing. *Northern Trust Co. v. VIII S. Mich. Assocs.*, 657 N.E.2d 1095, 1104 (Ill. App. 1995). However, the covenant of good faith and fair dealing is not an independent source of duties for contracting parties; a lack of good faith does not by itself create an independent cause of action in contract. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). The general principle that contracting parties implicitly include a good faith and fair dealing covenant in their agreements is relied on primarily to construe the parties' intent in the administration of the contract. *Martin v. Federal Life Ins. Co.*, 440 N.E.2d 998, 1105 (Ill. App. 1982).

The Illinois Supreme Court has held that a common law tort claim alleging bad faith or unfair dealings is preempted by Section 155 of the Illinois Insurance Code ("Section 155") if the plaintiff fails to allege elements of a separate tort, except in the context of a failure to settle claims within policy limits. *See Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 903-04 (1996). Pacer's counterclaim alleges that Wausau (and cross-defendants) failed to act fairly and in good faith toward Pacer in "carrying out their respective responsibilities under their respective policies of insurance." *Def. Resp.* at 18. Pacer also alleges that Wausau acted "with oppression, fraud,

6

and malice." *Id.* at 19. Pacer's allegations of oppression and malice are nothing more than an accusation of bad faith and unfair dealing; moreover, the counterclaim also lacks the specificity required to plead fraud effectively. Without more, Pacer's tort-based counterclaims are pre-empted by Section 155 of the Illinois Insurance Code. *Cramer*, 675 N.E.2d at 904-05. Therefore, Pacer must have pleaded a violation of Section 155 in order to withstand Wausau's motion.

Assuming for a moment that Pacer's counterclaim was based on Section 155 (a provision Pacer never mentioned in its counterclaim), the claim is still insufficient. An insurer's conduct must be "unreasonable and vexatious" to give rise to Section 155 liability. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citing 215 Ill. Comp. Stat. 5/155 (West 2003)). Good faith disputes are not grounds for Section 155 liability. *Id.* ("an insurer's conduct is not vexatious and unreasonable if . . . there is a bona fide dispute concerning the scope and application of insurance coverage"). Wausau has presented an affidavit showing that Pacer agreed to withdraw its tender of the defense of the underlying Haynes suit.[1] This suggests at the very least a bona fide dispute regarding the extent of Wausau's coverage. Pacer must rebut Wausau's affidavit with something more than a mere allegation that Wausau engaged in unreasonable conduct. *Fed. R. Civ. P. 56*. Because it has not done so, I must conclude that

---

[1] The present case is a re-filing of an identical action, 04 C 2813, that Wausau previously dismissed. An affidavit submitted by counsel for Wausau demonstrates that on May 6, 2004, after Wausau filed its Complaint in 04 C 2813, Pacer contacted Wausau's attorneys to withdraw its tender of the defense of the underlying Haynes suit. Wausau agreed to dismiss the action against Pacer on the condition that Pacer's attorneys agreed to file an amended third-party complaint against Morgan Southern that would not implicate Wausau. Pacer agreed, and Wausau subsequently filed a Notice of Dismissal of the 04 C 2813 suit pursuant to Rule 41.

dispute regarding the extent of the insurance policy was reasonable, and not actionable under Section 155. Count III is dismissed as an independent theory of recovery.

*Conclusion*

Plaintiff's motion to dismiss Counts I and II of Defendants' Counterclaim under Rule 12(f) of the Federal Rules of Civil Procedure is DENIED. Plaintiff's motion to dismiss Count III of Defendants' Counterclaim under Rule 12(b)(6) is GRANTED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: JAN 1 2 2005

8